IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON LIVINGSTON *a minor by his parents and guardians, Mark Livingston & Lorraine Livingston*, MARK LIVINGSTON *an individual,* and LORRAINE LIVINGSTON *an individual*,

Plaintiffs,

v.

BOROUGH OF MCKEES ROCKS and OFFICER SHAWN BARGER,

Defendants.

08cv1728

**ELECTRONICALLY FILED**

**MEMORANDUM AND ORDER GRANTING IN PART AND
DENIFYING IN PART DEFENDANTS' MOTION TO DISMISS (DOC. NO. 7),
DISMISSING FEDERAL CLAIMS AND REMANDING
REMAINING STATE CLAIMS TO STATE COURT**

Defendants removed plaintiffs' state court complaint to this Court on December 19, 2008. This is the third time this case has come before this Court. As noted in the Rule to Show Cause entered on December 30, 2008, the instant complaint is quite similar, if not identical with regards to these plaintiffs and defendants, to two previous complaints before this Court which resulted in the dismissal of all claims under the federal civil rights statutes with prejudice, and the reference or remand to the Court of Common Pleas of Allegheny County for additional proceedings with regard to the state law claims only. That is, the now removed state court complaint continues to assert the same federal civil rights claims that have twice been dismissed by this Court, and the same state law claims that have been referred or remanded to state court.

The first complaint was originally filed in this Court at Civil Action No. 04-840, and the second was filed in state court and removed to this Court at Civil Action No. 07-1610. Summary

judgment was entered in favor of defendants on the federal civil rights claims in the first case (which was affirmed on appeal, *Livingston ex rel. Livingston v. Borough of McKees Rocks*, 223 Fed.Appx. 84 (3d Cir. 2007)), with plaintiffs directed to seek transfer of the state claims in the state court pursuant to 42 Pa.C.S. § 5103(b)); the second resulted in dismissal of the federal claims on the grounds of claim preclusion, *Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 250 (3d Cir. 2006), because such claims had been finally litigated before this Court when it entered judgment on those claims against the plaintiffs in the previous lawsuit on August 18, 2005, and remand of the state claims to the Court of Common Pleas of Allegheny County.

Because it appeared to the Court that the federal claims raised in the latest complaint removed from state court were subject to summary dismissal as a matter of law, this Court issued a Rule to Show Cause requiring plaintiffs to show cause why all or some of their claims should not be summarily dismissed. Plaintiffs agree that the federal civil rights claims, although included in the state court complaint, are subject to summary dismissal on the grounds of claim preclusion, and that the "State Court is bound by the Federal Court's ruling." Plaintiffs' Answer to Rule to Show Cause (doc. no. 4), ¶¶ 6-7.

The Court also directed Defendants to file a Reply to Plaintiffs' Response to Rule to Show Cause. On January 26, 2009, Defendants filed their reply along with a motion to dismiss (doc. no. 7) the complaint in its entirety, including the state law claims, with briefs in support. The threshold issue before the Court is whether it should exercise its discretion to keep jurisdiction over the state law claims and resolve them, or remand yet again so that the state court can adjudicate these claims and defenses.

Defendants set forth an impassioned plea for this Court to exercise its discretion to hear

and resolve the state law claims. However, after careful consideration of plaintiff's response and defendants' reply, motion to dismiss and memorandum of law, while the Court certainly understands Defendants desire to have this Court finally terminate the state claims in addition to the federal civil rights claims, the Court continues to be of the opinion that the state court is in the best position to address the procedural challenges which turn on Pennsylvania procedural rules and statutes and the substantive viability of plaintiffs' state law claims.

As the Court held in its Memorandum Opinion (doc. no. 97) at Civil Action No. 04-840, where the federal claims are dismissed on a dispositive motion, the district court may refrain from exercising its supplemental jurisdiction. See *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). Taking into consideration the values of judicial economy, convenience, fairness and comity, it is within this Court's discretion to remand the state claims to state court. *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995).

There are no compelling reasons to exercise jurisdiction over the state claims, and the Court will again decline to exercise supplemental jurisdiction over such claims, which will be dismissed without prejudice. Defendants may seek recourse on their various procedural challenges and substantive defenses to plaintiffs' claims in the Court of Common Pleas of Allegheny County.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (doc. no. 7) is GRANTED in part as to any federal claims raised in the complaint, which are DISMISSED with prejudice, and DENIED as to the state law claims. Any remaining Pennsylvania state law claims are REMANDED forthwith to the Court of Common Pleas of Allegheny County, where Defendants must seek recourse.

SO ORDERED this 5th day of February, 2009.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record